UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS A. PRICE,

    Plaintiff,

v.

HARUN IASLAM, et al.,

    Defendants.

Case No. 24-cv-07495-JSW

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against doctors at Napa State Hospital ("NSH"), where he has been involuntarily committed. For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

## ANALYSIS

### A. STANDARD OF REVIEW

When a plaintiff is proceeding IFP, as in this case, "the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

United States District Court
Northern District of California

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      LEGAL CLAIMS**

Plaintiff Price complains that Defendants have denied his requests to discontinue this medication due to its adverse side effects.  Plaintiff's allegations do not state a cognizable claim for relief because a disagreement between him and Defendants, who are doctors, about what medication is proper for his condition notwithstanding adverse side effects does not amount to deliberate difference, an element of an Eighth Amendment claim.  *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."); *cf. Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (a difference of opinion between medical professionals as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference).  Even when the complaint is liberally construed, Plaintiff does not allege facts that plausibly show any Defendants violated his constitutional rights.

//

//

**CONCLUSION**

For the reasons set out above, Plaintiff's claims are DISMISSED for failure to state a cognizable claim for relief. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 4, 2024

_____
JEFFREY S. WHITE
United States District Judge

3